IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02945-BNB

MATTHEW A. SMITH,

    Plaintiff,

v.

ADAMS COUNTY COMBINED COURT, CO,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Matthew A. Smith, has filed *pro se* a Complaint (ECF No. 1) for damages. The Court must construe the Complaint liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Even construing the Complaint liberally, Mr. Smith fails to provide a short and plain statement of his claims showing that he is entitled to relief in this action as required pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. It appears that Mr. Smith has filed this action because he disagrees with rulings entered in one or more

state court actions in Adams County, Colorado. The only relief he seeks is an award of damages. (*See* ECF No. 1 at 37.)

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court lacks jurisdiction over Mr. Smith's claims for damages because the state court he is suing in this action is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and Mr. Smith presents no argument or authority that demonstrates an unmistakable abrogation of Eleventh Amendment immunity by the State of Colorado. Therefore, Mr. Smith's claims for damages must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  1st  day of    November    , 2013.

BY THE COURT:


　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court